STATE OF NORTH CAROLINA v. JOHN LLOYD SORRELL III

No. 754SC238

(Filed 18 June 1975)

1. Searches and Seizures § 3— sufficiency of evidence to support search warrant

   The trial court did not err in finding that the magistrate received sufficient evidence to determine that probable cause existed to issue a warrant to search defendant's premises where the affidavit to obtain the warrant contained information from an informant that he had been in defendant's home and observed marijuana there, he had obtained a sample of the marijuana, and the officer who obtained the search warrant told the magistrate of arrests and convictions which the informant had helped with before.

2. Searches and Seizures § 3— father named in affidavit and warrant — warrant sufficient to charge son

   The trial court did not err in finding as fact and concluding as law that the defendant, John Lloyd Sorrell III, was the party named in the search warrant rather than his father, John Lloyd Sorrell, Jr., though the father's name was designated on the search warrant and affidavit.

3. Criminal Law § 75— no Miranda warning — volunteered statement admissible

   A spontaneous and volunteered statement made by defendant as an officer was preparing to read the Miranda warnings to him was admissible in a prosecution for felonious possession of marijuana and possession with intent to sell.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 7 November 1974 in Superior Court, DUPLIN County. Heard in the Court of Appeals 27 May 1975.

Defendant was charged in a two-count bill of indictment with (1) felonious possession of over one ounce of marijuana and (2) felonious possession of over one ounce of marijuana with intent to sell and deliver. He pleaded not guilty. At the close of the State's evidence the court granted defendant's motion for judgment as of nonsuit on the second count and the jury returned a verdict of guilty of the first count. From judgment imposing prison sentence of not less than three nor more than five years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Charles J. Murray, for the State.*

*L. Randolph Doffermyre III, and C. Diederich Heidgerd, for the defendant appellant.*

BRITT, Judge.

[1]   Defendant first contends that the trial court erred in finding as fact and "concluding as law" that the magistrate received sufficient evidence to determine that probable cause existed to issue the warrant to search defendant's premises. We find no merit in the contention.

The affidavit to obtain the search warrant contained the following:

> On 8-24-74 in the PM the reliable informant went to the mobile home of John Sorrell Jr. and observed Marihuana in plain view on the kitchen table. Sorrell stated to the informant that he had been "weighing it out" on the table and he was "loaded with it". . . . While at the mobile home, the informant obtained a sample of the marihuana and same was tested and found to definitely be Marihuana. . . .

Officer Charles Summerlin, the officer who obtained the search warrant, testified at the *voir dire* hearing ". . . that he told the magistrate of the arrests that the informant had helped him on before and that there were over 20 arrests that he had led him to"; that the informant had provided information pertaining to burglary, breaking and entering, larceny, possession of white liquor and possession of marijuana; and that there had been convictions based on the information provided by the informant.

Applying the two-pronged test of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964), we hold that the evidence presented to the magistrate was sufficient to show the underlying circumstances upon which the informant based his information, and also to establish the reliability of the informant.

[2]   Defendant states his next contention as follows: "The trial court erred in finding as fact and concluding as law that the defendant, John Lloyd Sorrell III, was the party named in the

search warrant rather than his father, John Lloyd Sorrell, Jr., the name designated on the search warrant and affidavit." We find no merit in this contention.

It is true that the search warrant and affidavit attached to it referred to John Sorrell, Jr., rather than John Sorrell III as the owner or occupant of the premises sought to be searched. However, following a *voir dire* hearing, the court found that notwithstanding the error in "listing" defendant "as a junior rather than the III, there was no misunderstanding on the part of the officers that the defendant now before the Court was the person whose premises they wished to search." The court further found that the description in the search warrant affidavit of the mobile home sought to be searched identified the home occupied by defendant. The findings of the trial court were fully supported by evidence presented at the *voir dire* hearing.

[3] Defendant next contends that the court erred in allowing into evidence a statement made by defendant prior to the officers giving him the Miranda warnings. This contention is without merit.

When the officers arrived at defendant's mobile home, there were several people in the home. One officer stayed with the people, while the other officers searched the premises. As one officer was preparing to read the Miranda warnings to defendant, a second officer came into the room with a bag of marijuana. Defendant then stated: "I'll show you where it is at, it is all mine." The record does not disclose that defendant was asked any questions. To the contrary, it appears that defendant made the statement spontaneously. ". . . Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." *Miranda v. Arizona,* 384 U.S. 436, 478, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966). We hold that the court properly ruled that the statement was admissible.

Finally, defendant contends the trial court erred in denying his motion for nonsuit. We have carefully reviewed the record and conclude that the evidence was sufficient to survive the motion.

, We conclude that defendant received a fair trial, free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.